The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Mary Ann Whipple
United States Bankruptcy Judge

Dated: September 19 2014

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 13-31005 |
| | ) | |
| Fremont Hospitality Group, LLC, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER RE APPLICATION FOR ADMINISTRATIVE EXPENSES

This case is before the court after hearing on the Request for Chapter 11 Administrative Claim [Doc. # 534] filed by Thomas George ("George"). Attorney for the Chapter 7 Trustee and an Attorney for Annie Kolath appeared in person at the hearing. There was no appearance by or on behalf of George.

This case was commenced as a Chapter 11 case. The court appointed a Chapter 11 Trustee on August 21, 2013 . [Doc. ## 122, 125]. Thereafter, on November 5, 2013, at the request of the Chapter 11 Trustee, the case was converted to Chapter 7. [Doc. # 306]. The former Chapter 11 Trustee was appointed as the Chapter 7 Trustee.

George seeks approval under § 503(b) of the Bankruptcy Code for payment of the total amount of $11,381.58 as an administrative expense of the superseded Chapter 11 case. Under § 507(a)(2) of the Bankruptcy Code, administrative expenses under § 503(b) are second priority unsecured claims. However, for purposes of distribution in a Chapter 7 case converted from Chapter 11, administrative expenses of the Chapter 7 case have priority for payment over administrative expenses of the superseded Chapter 11 case.

11 U.S.C. § 726(b). The expenses for which George seeks approval fall into two categories: $1,631.58 for payment of an insurance premium and $9,750.00 for payment of fee retainers to two lawyers representing George.

The owner of the Debtor is the New York probate estate of Mathai K George. At times relevant to these proceedings, Annie Kolath, his widow, has been the administratrix or executrix of the Mathai K George estate. At other times relevant to these proceedings, George has been the administrator or executor of the Mathai K. George estate.[1]

Under the Bankruptcy Code, administrative expenses include "the actual, necessary costs and expenses of preserving the estate including. . . wages, salaries, and commissions for services rendered after the commencement of the case." 11 U.S.C. § 503(b)(1)(A)(i). In order for a claim to be allowed as an administrative expense, "a claimant must prove that the debt (1) arose from a transaction with the debtor-in-possession as opposed to the preceding entity (or, alternatively, that the claimant gave consideration to the debtor-in-possession); and (2) directly and substantially benefitted the estate. *Employee Transfer Corp. v. Grigsby (In re White Motor Corp.),* 831 F.2d 106, 110 (6th Cir. 1987) (citing *In re Mammoth Mart, Inc.* 536 F.2d 950, 954 (1st Cir.1976)); *Caradon Doors and Windows, Inc. v. Eagle-Picher Industries, Inc.*, 447 F.3d 461, 464 (6th Cir. 2006).

As to the $1,631.58 insurance premium, there is no dispute that it constitutes an administrative expense of the Chapter 11 case. The Debtor's business was operation of a hotel and conference center in a resort area near the Ohio Turnpike. There is an outdoor pool and there was a bar and restaurant on the premises. Insurance coverage of the property and business has been a flashpoint in this case, with the Chapter 11 Trustee discovering at her appointment that there was none and had not been any for more than a year. *See* Doc. # 138. The lack of proper insurance coverages eventually resulted in emergency closure of business operations at the request of the Chapter 11 Trustee and by order of the court on August 26, 2013. [Doc. # 150]. Annie Kolath turned over virtually no cash to the Chapter 11 Trustee when her stewardship of Debtor's operations was terminated upon conversion; the sum of $25,000 that Kolath or entities controlled by her had on hand at conversion from the operations of Debtor's business having been wire transferred at her direction beyond the immediate reach of the bankruptcy estate, the Chapter 11 Trustee

---

[1] The court takes judicial notice of the contents of its case docket and the Debtor's schedules. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (6th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it).

lacked financial resources with which to secure appropriate insurance coverages on the property and business operations under her care and control. The Chapter 11 Trustee acknowledges that she requested funds from George to fund an insurance premium, there being no other financial resources available at the time with which to do so and with which to protect the real and other property constituting property of the Debtor's estate for the benefit of its creditors. George's advance of $1,6731.58 to the Trustee thus meets both criteria for administrative expense status. The expense arose from a transaction with the duly appointed representative of the Chapter 11 estate and at her request. Whether operating or not, liability and casualty coverage of the premises was critical to protection of the assets being administered by the Trustee as well as of the general public. The estate benefitted directly from George's advance of $1,631.58 to the Chapter 11 Trustee. His request will be granted with respect to the $1,631.58 amount.

The request for $9,750 paid to George's lawyers is another situation altogether. His application shows that he paid retainers totaling that amount to two lawyers. Section 330(a)(1) of the Bankruptcy Code provides the authorization and standards for paying fees and reimbursing expenses to lawyers and other professionals in Chapter 11 bankruptcy cases. 11 U.S.C. § 330(a)(1). Under § 503(b)(2), 11 U.S.C. § 503(b)(2), compensation awarded under § 330(a) is entitled to treatment as an administrative expense. The problem with George's request is that entitlement to compensation for a professional person under § 330(a)(1) depends upon that professional person having been employed under § 327 or § 1103 of the Bankruptcy Code, 11 U.S.C. §§ 327, 1103. Section 327(a) allows a trustee (or debtor-in-possession pursuant to § 1107, 11 U.S.C. § 1107) to employ, among others, attorneys. Neither of the attorneys to whom George paid retainers were employed by the Chapter 11 Trustee (or debtor-in-possession). Section 1103 sets forth standards for employment of attorneys by duly appointed committees of unsecured creditors. There was no unsecured creditors' committee appointed in the Chapter 11 case. Moreover, had they been employed, the specified attorneys would be required to apply for their own compensation from the estate by filing fee applications that complied with Rule 2016 of the Federal Rules of Bankruptcy Procedure and other applicable standards, as well as addressing the criteria for compensation set forth in § 330(a).

To the extent the more general standard for administrative expense treatment would apply to George's request, given the specific standard and authority in § 503(b)(2) to award administrative expense treatment to professional compensation, George's request fails that test as well. Given George's status as a representative of the owner of the Debtor, the fees he paid to lawyers to represent him were neither based on a transaction with the Trustee or the debtor-in-possession nor consideration given to the debtor-in

3

possession entity. George's application makes no showing as to how the retainers he paid to lawyers to represent him benefitted the bankruptcy estate.

Based on the foregoing reasons and authorities, for good cause shown,

**IT IS ORDERED that**:

1. The Request for Chapter 11 Administrative Claim [Doc. # 534] filed by Thomas George is **GRANTED** in part, only to the extent of the request as to One Thousand Six Hundred Thirty One and 58/100 Dollars ($1,631.58) paid on account of an insurance premium. That sum is awarded status as an administrative expense of the superseded Chapter 11 case.

2. The Request for Chapter 11 Administrative Claim [Doc. # 534] filed by Thomas George is **DENIED**, in part, to the extent of a total of Nine Thousand Seven Hundred Fifty and 00/100 Dollars on account of retainers paid to lawyers Ray Beebe and Brad Culbert.

###